FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 SEP -4 P 2: 22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENNETH HARRINGTON,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV213-103

PAUL WELLS and FEDERAL
BUREAU OF PRISONS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to

state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Wells retaliated against him because Plaintiff requested wages he was owed from his job assignment at FCI Jesup. Plaintiff asserts that he filed grievances about Defendant Wells taking away his full-time status and changing his job assignment. Plaintiff contends that Defendant Wells reduced Plaintiff's pay by one-half as a result of the grievances he filed.

Plaintiff also names the Federal Bureau of Prisons ("BOP") as a Defendant. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). To the extent the BOP is Defendant Wells' employer, Plaintiff's claims against the BOP cannot be sustained. The BOP should be **dismissed** as a named Defendant.

AO 72A
(Rev. 8/82)

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. "In order to establish a violation of the Due Process Clause, a [plaintiff] must have been deprived of a liberty or property interest protected under the Fifth Amendment." Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

In addition, "although the Eleventh Circuit Court of Appeals has never addressed whether a federal prisoner has a protected property interest in his job assignment, those circuit courts that have considered the issue have held that there is no property interest in a federal prisoner's job assignment." Littles v. Lily, No. 3:10cv203/MCR/EMT, 2010 WL 5399215, at *5 (M.D. Fla. Nov. 23, 2010) (citing Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 & n. 4 (5th Cir. 1995) (federal inmate has no liberty or property interest in job assignment); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Garza v. Miller, 688 F.2d 480, 485-86 (7th Cir. 1982); Woodworth v. United States, 44 F. App'x 112 (9th Cir. 2002) (finding that an inmate has neither a liberty nor a property

interest in his prison job)); see also, Dawson v. Frias, 397 F. App'x 739, 741 (3d Cir. 2010) (citing James for "well-established principle that prisoners have neither a liberty or property interest in prison employment."). Plaintiff's due process claim against Defendant Wells should be **dismissed**.

However, "[t]o state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. Plaintiff arguably sets forth a retaliation claim against Defendant Wells.

The above allegations, when read in the light most favorable to Plaintiff, arguably state a claim under Bivens and 28 U.S.C. § 1915A against Defendant Wells. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Wells, the Attorney General of the United States, and the United States Attorney for the Southern District of Georgia by the United States Marshal without prepayment of cost. Pursuant to Fed. R. Civ. P. 4(i), the United States Attorney for the Southern District of Georgia may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Pursuant to that same rule, service may be perfected on the United States Attorney General by registered or certified mail. The answer of the Defendants shall be filed within sixty (60) days of receipt of such service. FED. R. CIV. P. 12(a)(3)(B). If Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

AO 72A
(Rev. 8/82)

**INSTRUCTIONS TO DEFENDANT**

Since the Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendant takes the deposition of any other person, he is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendant shall notify Plaintiff of the deposition and advise him that he may serve on the Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions

AO 72A
(Rev. 8/82)

the Plaintiff wishes to propound to the witness, if any. The Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

AO 72A
(Rev. 8/82)

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a Defendant. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendant. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or

giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment

8

be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 4th day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

9

AO 72A
(Rev. 8/82)