# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

KENNETH HARRINGTON,

    Plaintiff,

vs.

PAUL WELLS,

    Defendant.

CV 213-103

## ORDER

Plaintiff Kenneth Harrington, an inmate at the Federal Correctional Institution in Jesup, Georgia (FCI Jessup), commenced this action pursuant to 28 U.S.C. § 1331. The case is now before the Court on Defendant Paul Wells's motions for summary judgment based on his assertion of qualified immunity and, alternatively, based on the merits. Dkt. no. 20. Plaintiff has filed a response in opposition to Defendant's motions. Dkt. no. 23. Earlier, Magistrate Judge Graham granted Defendant's motion to stay discovery pending the Court's decision on Defendant's assertion of qualified immunity. Dkt. no. 24. For the reasons stated below, Defendant's motion for summary judgment for qualified immunity is **DENIED** at this stage, and the

discovery stay is **LIFTED**. The Court will entertain Defendant's motion for summary judgment on the merits after Plaintiff has had an opportunity to conduct discovery.

I.  **Background**

Plaintiff, an inmate at FCI Jesup who works through the UNICOR program, claims that Defendant, the Factory Manager, retaliated against Plaintiff because of his constitutionally protected speech on two separate occasions.

First, Plaintiff claims that Defendant retaliated against him on August 22, 2012[1], after a series of events that began on August 5, 2012. Plaintiff claims that on August 5, Defendant threatened to fire him from his UNICOR job because Plaintiff requested unpaid wages from the Associate Warden (Defendant's superior), Debora Forsyth. Dkt. no. 1-1, p. 5. On August 20, still concerned about his unpaid wages, Plaintiff went to the Associate Warden again to check on the status of his request, and Plaintiff says she told him "she would take care of it." Dkt. no. 1-1, p. 5. Plaintiff and Defendant met on the morning

---

[1] In his affidavit, Plaintiff alleges that this first incident of retaliation, where Defendant changed his work status from full-time to part-time, occurred "on or about August 16, 2012." Dkt. no. 1, p. 5. In other documents submitted into evidence, he alleges this change occurred on August 22, Dkt. no. 1-1, p. 5, and August 23, Dkt. no. 1-1, p. 23. In his affidavit, the Defendant alleges the change occurred on August 22. Dkt. no. 20-1, p. 7. The "Position Change" form officially placing Plaintiff on part-time status was signed on August 22. Dkt. no. 20-2, p. 24. Because both parties claim (at least once) that the event happened on August 22, and this date is supported by other documents in the record, the Court believes Plaintiff intends to cite this date. In any event, the date variance ultimately does not affect the outcome of the Court's consideration of Defendant's qualified immunity claim.

AO 72A
(Rev. 8/82)

of August 22 to further discuss his pay request. Id. Plaintiff alleges that Defendant had paperwork about the request on his desk, became very upset, and said "you might end up getting this money but you will regret it. I will stay after you and I will get you." Dkt. no. 1-1, p. 6. Plaintiff had to leave for lunch about that time, and Defendant asked Plaintiff to return afterwards to discuss the matter further. Id. Plaintiff alleges that, later that afternoon, Defendant told Plaintiff he would receive his pay request, but that he would also have his status dropped from full-time to part-time because Defendant had recently hired new UNICOR employees. Id. at pp. 6-7. Plaintiff claims Defendant put him on part-time status for "going through the Associate Warden . . . to require defendant to pay the wages due him." Dkt. no. 27, p. 2.

Second, Plaintiff claims Defendant retaliated against him again after he filed grievances for wages, administrative pay, and Defendant's first alleged instance of retaliation. Dkt. no. 1-1, pp. 3, 16, 27. Plaintiff filed these grievances on August 29, 2012, and claims Defendant reduced his pay by half in retaliation for these grievances on September 14.[2] Dkt. no. 1, pp. 2, 7.

---

[2] In his affidavit, Plaintiff states the reduction in pay occurred "on or about September 12, 2012." Dkt. no. 1, p. 7. Other documents in the record show that the actual date was September 14, 2012. Dkt. no. 20-1, p. 63. The date discrepancy is irrelevant to the resolution of Defendant's qualified immunity claim.

3

Defendant does not deny that he made either of these changes to Plaintiff's work status. He admits that he informed Plaintiff of his change to part-time status on the same day he approved his pay request, Dkt. no. 20-1, ¶ 27, and that he reduced Plaintiff's pay by half shortly after Plaintiff filed his grievances, id. at ¶ 31. However, Defendant denies he made these changes out of animosity or any other improper purpose. First, while the Defendant does not "recall the specifics of how and in what order things occurred on August 22, 2012," he "can only speculate" that he reduced Plaintiff's hours after reviewing the $50.00 compensation request because he noticed that Plaintiff's full-time employment was not necessary to meet the factory's current demand. Id. at ¶ 28. Second, after reviewing Plaintiff's records to answer Plaintiff's three grievances, Defendant noticed that Plaintiff was being paid at "grade 2," a grade paying twice as much as "grade 4," the appropriate pay grade for Plaintiff's position as an orderly. Id. at ¶ 32. The forms changing Plaintiff's status from full-time to part-time and reducing his pay grade are signed by Defendant and the Associate Warden. Dkt. no. 20-2, pp. 24, 26.

## II. Discussion

Defendant brings two motions before the Court through his consolidated brief: a motion to dismiss based on his assertion

of qualified immunity, and, alternatively, a motion for summary judgment.

## A. Defendant is not Entitled to Qualified Immunity at this Juncture

Defendant initially asserts that Plaintiff's claims should be dismissed because Defendant is entitled to qualified immunity. Dkt. no. 20, pp. 14-19. Defendant argues that he is entitled to qualified immunity as to the changes he made to Plaintiff's employment status and pay grade because "these actions were taken in the course of his performance of his duties as Factory Manager and in the exercise of his discretionary authority." Id. at 14. Additionally, Defendant claims he was not on notice that changing Plaintiff's work status and pay grade under these circumstances would violate Plaintiff's constitutional rights. Id. at 18.

Qualified immunity protects government officials from liability for civil damages in performance of their discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An official's acts are within his discretionary authority when those acts are "(1) undertaken pursuant to the performance of [his] duties and (2) within the scope of [his] authority." Lenz v. Winburn, 51 F.3d

5

1540, 1545 (11th Cir. 1995) (citations omitted). If the court determines that the defendant was engaged in a discretionary function, then the burden shifts to the plaintiff to show that the defendant is not entitled to immunity. Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010). A plaintiff can meet this burden by showing that "(1) the defendant violated a constitutional right, and (2) that this right was clearly established at the time of the alleged violation." Id. A right is clearly established when, "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011). In the Eleventh Circuit, only decisions of the U.S. Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose may "clearly establish" law for purposes of qualified immunity. Jenkins by Hall v. Talladega City Bd. Of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Here, Defendant is not entitled to qualified immunity at this time. Defendant has shown that he was acting within his discretionary duties in changing Plaintiff's work status and pay grade, and Plaintiff does not challenge this showing. However, it has been long established in the Eleventh Circuit that the "First Amendment forbids prison officials from retaliating

against prisoners for exercising the right of free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003)). Furthermore, "[i]t is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)).

Plaintiff alleges that Defendant threatened retribution against him if he continued to complain to the Associate Warden about his unpaid compensation. Making such a complaint is clearly protected speech, and retaliating against an inmate who exercises his right to free speech could violate the Constitution. Plaintiff's allegations are sufficient to withstand dismissal at this stage.

### B. Consideration of Summary Judgment on the Merits is Premature

In addition to protection from civil liability, qualified immunity also protects government officials from the costs and burdens of litigation and discovery. See Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th. Cir. 1994). Thus, when a government official claims a defense of qualified immunity, it is appropriate for the district court to stay discovery pending

7

a decision on that defense, as was done here. See id.; Dkt. no. 24.

As the Court has determined that Defendant is not entitled to the defense of qualified immunity at the Motion to Dismiss stage, the Court lifts the stay of discovery ordered by Judge Graham on March 12, 2014 (Dkt. no. 24). After both parties have had the opportunity to conduct discovery, the Court will reconsider Defendant's motion for summary judgment.

### III. Conclusion

For the reasons stated above, Defendant's motion for summary judgment based on his assertion of qualified immunity is **DENIED** (Dkt. No 20), and the stay of discovery (Dkt. no. 24) is **LIFTED**. The Court will consider Defendant's motion for summary judgment on the merits upon conclusion of discovery.

**SO ORDERED**, this 19th day of August, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA