IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENNETH HARRINGTON,

    Plaintiff,

vs. : CIVIL ACTION NO.: CV213-103

PAUL WELLS,

    Defendant.

## ORDER

Presently before the Court are three (3) pleadings Plaintiff has filed. Two (2) of these pleading are Plaintiff's Objections to the Magistrate Judge's Orders dated December 8, 2014, (doc. no. 53), and December 16, 2014, (doc. no. 56). By these Orders, the Magistrate Judge denied Plaintiff's motions for reconsideration of his previous orders denying Plaintiff's motion to serve parties and motion for leave to depose witnesses. Upon review, Plaintiffs' Objections are without merit and are **overruled**.

Plaintiff has also filed a Motion to Compel Defendant to Produce Requested Discovery, as supplemented. Defendant filed a Response. Plaintiff contends that he has contacted Defendant's counsel on several occasions in attempts to obtain documents. Specifically, Plaintiff asserts that he requested that he receive copies of all complaints and grievances federal inmates and/or Bureau of Prisons' ("BOP") employees have filed against Defendant. Plaintiff also asserts that he requested any

AO 72A
(Rev. 8/82)

and all corrective action reports and/or disciplinary reports filed against inmates who work at the UNICOR factory at the Federal Correctional Institution in Jesup, Georgia, for unauthorized absences or possession of gambling paraphernalia from January 2011 to the present. According to Plaintiff, his requested documents are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff avers that he expects the information contained in these requested documents to reveal that Defendant "has an uncontrollable temper and routinely shows total disregard for the rules, regulations[,] and program statements of the BOP[,] as well as total disregard for subordinates['] civil rights." (Doc. No. 57, p. 3). Plaintiff asserts that the information he seeks is relevant to a civil case in the same way a criminal defendant's prior record is in a criminal case. Plaintiff contends that Defendant's counsel objected to the production of the requested documents because Defendant is being sued in his individual capacity and does not have custody or control of the requested documents in that capacity, even though Defendant attached some of the requested documentation in support of his motion to dismiss.

Defendant, through counsel, asserts that Plaintiff's motion does not comply with the requirement that a motion to compel quote verbatim the discovery requests and the responses to the requests. Defendant also asserts that Plaintiff failed to attach a certificate that he made a good faith effort to resolve this discovery dispute prior to bringing this motion.[1] Defendant alleges that he is being sued in his individual capacity and is not required to produce documents over which he has no control or custody in his individual capacity. Defendant contends that his production of BOP-controlled

---

[1] The undersigned notes the importance of the rules to which Defendant cites. However, Plaintiff is proceeding *pro se*, and he submitted copies of the requests he contends he sent to Defendant's counsel in an effort to obtain the sought-after documents.

documents in support of his motion to dismiss does not reveal that he has custody or control of these documents in his individual capacity. Defendant also contends that an Advisory Committee Note to Federal Rule of Evidence 404 reveals that evidence of a person's character is never admissible in a civil case to prove a person acted in conformity with the character trait. Thus, Defendant asserts, "Plaintiff's analogy to the admissibility of a criminal defendant's prior record in a criminal case is unavailing." (Doc. No. 61, p. 4).

"It is well established that the Federal Rules of Civil Procedure 'strongly favor full discovery whenever possible.'" Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 688 (S.D. Fla. 2011) (quoting Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)). Rule 26(b) permits a party to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Courts have "long held that relevance for discovery purposes is much broader than relevance for trial purposes, and as such [d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." Id. (internal citation omitted). The Supreme Court has held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (emphasis omitted).

To the extent Defendant claims he has no control or custody over documents in his individual capacity, that portion of Plaintiff's Motion seeking the production of these documents is **GRANTED** in part. By Defendant's counsel's own admission, Assistant

United States Attorneys defending civil rights actions "frequently present BOP documents and declarations from BOP employees in support of motions, having worked with counsel for the BOP to obtain these items." (Doc. No. 61, p. 3). Accordingly, counsel for Defendant is directed to produce a copy of Plaintiff's complete, entire UNICOR personnel file as well as Plaintiff's payment records from January 2011 through October 2013, including the hours and dates worked. (Id. at p. 4) (recounting Plaintiff's requests). Defendant shall not be permitted to use his individual capacity as a sword and a shield, i.e., Defendant cannot use certain documents in support of his dispositive motion (made in his individual capacity) and then claim that he does not have custody or control of these documents after Plaintiff has requested to receive copies of these documents during discovery. In addition, Defendant's counsel is directed to provide Plaintiff with copies of any and all corrective action reports and/or disciplinary reports filed against inmates who work at the UNICOR factory at the Federal Correctional Institution in Jesup, Georgia, for unauthorized absences or possession of gambling paraphernalia from January 2011 to the present. These documents could lead to the discovery of admissible evidence to support Plaintiff's retaliation claim against Defendant. Counsel is directed to redact any personal or identifying information from these documents in light of inmate and institutional safety concerns. However, the portion of Plaintiff's Motion requesting the production of copies of all complaints and grievances federal inmates and/or Bureau of Prisons' ("BOP") employees have filed against Defendant is **DENIED**. Plaintiff's desire to use these documents to establish a pattern of behavior from Defendant is improper. FED. R. EVID. 404 advisory committee's note (2006 amend.) ("The Rule has been amended to clarify that in a civil case

AO 72A
(Rev. 8/82)

evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait."). In addition, Plaintiff's request is overbroad and vague and does not reveal how such a far-reaching request could possibly lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(2)(C)(iii) (noting that discovery can be limited when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.").

**SO ORDERED**, this \_\_\_ day of \_\_February_____, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)