# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

KENNETH HARRINGTON,

    Plaintiff,

v.

PAUL WELLS; and M. TUCKER,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-41

## ORDER

Before the Court is Defendants' Motion to Consolidate the present action (No. 2:15-cv-41) with another action previously filed by Plaintiff (No. 2:13-cv-103). Dkt. No. 21.[1] For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

In the 2:13-cv-103 case ("Harrington I"), Plaintiff alleges that Defendant Wells retaliated against him for making complaints and filing grievances. Harrington I, Dkt. No. 28. In the present action, 2:15-cv-41 ("Harrington II"), Plaintiff alleges that Defendants Wells and Tucker retaliated against him for filing Harrington I. Dkt. No. 1, pp. 2-3. In this case, Plaintiff further alleges that Defendant Tucker refused to hire Plaintiff if he did not dismiss Harrington I. Id. at p. 3.

---

[1] Unless otherwise noted, all references to filed documents relate to the present action, No. 2:15-cv-41.

Defendants argue that consolidation is prudent as it would avoid trying the facts in Harrington I twice, prevent jury confusion and inconsistency, avoid the need for "two separate trials in which the same events and policies are at issue," and avoid evidentiary disputes if the two cases were tried separately. Dkt. No. 21, pp. 3-4.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Courts have "encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" Hendrix, 776 F.2d at 1495 (quoting Dupont v. S. Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966)). "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995)(citing Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984)).

In exercising its discretion to consolidate cases, the Court considers

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a

single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)(quotes, cite, and alterations omitted).

Here, both actions involve the same set of facts, essentially the same defendants (with the addition of Defendant Tucker in Harrington II), and plead similar claims. The benefits of consolidation far outweigh any risks. Accordingly, the Court **GRANTS** Defendants' Motion to Consolidate and **DIRECTS** the Clerk of Court to **CONSOLIDATE** Case No. 2:13-cv-103 with Case No. 2:15-cv-41. Following consolidation, the Clerk of Court shall **CLOSE** Case No. 2:13-cv-103.

The Court previously apointed Ms. Lacey Houghton of Roberts Tate, LLC to represent Plaintiff in Harrington I. Harrington I, Dkt. No. 100. For the reasons stated by the Court in that appointment, it is proper to appoint counsel in this case as well. Accordingly, the Court **APPOINTS** Ms. Houghton to represent Plaintiff in this lawsuit. Ms. Houghton only represents Plaintiff on the claims asserted in Harrington I and Harrington II. To be clear, Ms. Houghton does not represent Plaintiff on any other matter and, to the extent Plaintiff seeks any appeal in this case, Ms. Houghton is not required to represent Plaintiff on any appeal. At the conclusion of Ms. Houghton's representation, she may provide the Court an itemized accounting

of her costs and expenses in this case, and the Court will consider reimbursement of her reasonable costs and expenses.[2]

Furthermore, the parties stipulated in Harrington I to proceed to trial before Magistrate Judge Baker. It is not clear if the parties consent to the Magistrate Judge's jurisdiction over Harrington II. Should the parties consent to proceed before the Magistrate Judge in this action, they are directed to notify the Court of that consent within **fourteen (14) days** of the date of this Order.

**SO ORDERED**, this ___23___ day of ___September___, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court does not have the ability to reimburse Ms. Houghton's fees. The Court appreciates Ms. Houghton's willingness to represent Plaintiff on a *pro bono* basis at the request of the Court.

4